[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10627
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00246-KD-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHAY LAM SOUPHANTHOG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 31, 2019)

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Phay Souphanthog appeals his convictions and sentences for possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g).  On appeal, Souphanthog first argues that the government failed to present sufficient evidence that could convince a reasonable fact-finder that he knowingly possessed the firearm found on the passenger floorboard of the vehicle, as charged in Count Two,  or that he knowingly possessed the firearm thrown from the passenger window, as charged in Count Three.  Second, he argues that the district court abused its discretion by imposing consecutive 84-month sentences for Counts Two and Three totaling 168 months' imprisonment.

## I.

We review *de novo* whether the evidence is sufficient to support a conviction.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).  In reviewing the sufficiency of the evidence, we determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt.  *Id*. at 1284-85.  "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).  The standard for sufficiency of evidence is the same "regardless of whether the evidence is direct or circumstantial."  *United States v. Isnadin*, 742 F.3d 1278, 1303 (11th Cir. 2014) (quotation marks omitted).  "However, [w]here the

[G]overnment relies on circumstantial evidence, reasonable inferences, and not mere speculation, must support the jury's verdict." *Id.* (quotation marks omitted). "[W]e assume that the jury made all credibility choices in support of the verdict." *Jiminez*, 564 F.3d at 1285. We may not review determinations made by the jury as to the credibility of witness testimony unless such testimony is "incredible as a matter of law." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (quoting *United States v. Hewitt*, 663 F.2d 1381, 1385 (11th Cir. 1981)). Testimony is incredible as a matter of law only when it is "unbelievable on its face" and relates to "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* at 1325 (quotations marks omitted) (alterations omitted).

Pursuant to 18 U.S.C. § 922(g), it is unlawful for a convicted felon to possess a firearm. 18 U.S.C. § 922(g). In turn, pursuant to § 924(a)(2), a person who "knowingly violates" § 922(g) is subject to up to ten years in prison. *Id.* § 924(a)(2). Accordingly, to sustain a conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g), the government traditionally has been required to prove three elements: (1) the defendant was a convicted felon; (2) the defendant was in knowing possession of a firearm; and (3) the firearm was in or affected interstate commerce. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). The Supreme Court recently clarified that the word "knowingly"

3

in § 924(a)(2) modifies both the status and possession element, meaning that the government must prove that the defendant both knowingly possessed the firearm and knew that he was in a class of persons barred from possessing a firearm. *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191, 2195-96 (2019).

"[T]he term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident." *United States v. Woodruff*, 296 F.3d 1041, 1047 (11th Cir. 2002). "Possession may be actual or constructive, joint or sole." *United States v. Boffil-Rivera*, 607 F.3d 736, 740 (11th Cir. 2010) (quotation marks omitted). "Constructive possession of a firearm exists when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (*per curiam*). To establish constructive possession of a firearm, the government must prove "through either direct or circumstantial evidence that the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm." *Id.*

As an initial matter, the government presented an argument based on the Supreme Court's recent holding in *Rehaif*. Because this issue was not addressed by Souphanthog, it is abandoned and we will not consider it. *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir. 2004) (*per curiam*) (noting that a legal claim

4

or argument that has not been briefed before our court is deemed abandoned, and we will not address the merits).

When viewed in the light most favorable to the government, we conclude from the record that there was ample evidence for the jury to conclude that Souphanthog knowingly possessed the firearms involved in the two separate incidents. As to Count Two, the government presented the testimony of Shawna Murphy that Souphanthog placed the gun under the seat and the testimony of Deputy Gant that the firearm was found within an arm's reach of the driver's side of the vehicle. This testimony was sufficient for a reasonable jury to conclude that Souphanthog constructively possessed the firearm. As to Count Three, there was also sufficient evidence for a reasonable jury to find that Souphanthog knowingly possessed the firearm based on Officer Byrd's testimony that he saw Souphanthog throw the firearm out the window. Moreover, nothing about the testimony supporting Counts Two or Three was incredible as a matter of law nor unbelievable on its face.

Accordingly, we hold that there was sufficient evidence to support the jury's determination that Souphanthog knowingly possessed the firearms in Counts Two and Three.

II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, meaning that we will sometimes "affirm the district court even though we would have gone the other way had it been our call." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). "The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

When reviewing a sentence's reasonableness, we must ensure, first, that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We ordinarily consider legal issues *de novo*, review factual findings for clear error, and apply the guidelines to the facts with due deference, which is akin to clear error review. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). However, failure to preserve an objection for procedural reasonableness at sentencing means that we may only review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain error review, we may, at our discretion, correct an error where "(1) an error occurred; (2) the error was plain; (3) it affected [the defendant's] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). An error cannot be plain if the error is not obvious or clear under the

6

current law as established by our court or the Supreme Court. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Section 3584(a) provides that, "[i]f multiple terms of imprisonment are imposed on a defendant at the same time . . . , the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Further, in determining whether the sentences should be imposed consecutively or concurrently, § 3584(b) directs district courts to utilize the 18 U.S.C. § 3553(a) factors. *Id.* § 3584(b). The Guidelines provide that "the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(b). The Guidelines further state that, "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." *Id.* § 5G1.2(d).

Under the Guidelines, "[a]ll counts involving substantially the same harm shall be grouped together into a single [g]roup." U.S.S.G. § 3D1.2. Grouping of counts under § 3D1.2 does not preclude a district court from imposing consecutive sentences on each count. *See United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009) (holding that, "[a]lthough the underlying offenses were grouped

7

together . . . [t]he district court's imposition of consecutive sentences" was not an abuse of discretion).

Once we determine that the sentence is procedurally sound, we then examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted). Further, the district court is permitted to attach greater weight to one § 3553(a) factor over others. *United States v. Overstreet*, 713

8

F.3d 627, 638 (11th Cir. 2013).  However, we have determined that a "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189.  Moreover, a district court's unjustified reliance on any one § 3553(a) factor may indicate an unreasonable sentence.  *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

We review Souphanthog's procedural reasonableness challenge for plain error because he did not raise the issue in the district court.  First, the probation officer did, in fact, group his counts together when calculating his base offense level, and the district court adopted those calculations.  Second, to the extent that Souphanthog is arguing that, because the counts were grouped, the sentences must run concurrently, we have determined that grouping of counts under § 3D1.2 does not preclude a district court from imposing consecutive sentences on each count. *See Bonilla*, 579 F.3d at 1245.

As to Souphanthog's substantive reasonableness challenge, we conclude that the district court did not abuse its discretion by imposing consecutive sentences

totaling 168 months, which was at the low end of the guideline range. The court properly followed the statutory directive under 18 U.S.C. § 3584(a) and concluded that the 168-month total sentence was appropriate, properly ordering the sentences to run consecutively to achieve the total punishment given the statutory maximum. Further, the district court was within its discretion to place greater weight on Souphanthog's violent criminal history because it was extensive, involving many heinous offenses, including murder and attempted murder. Accordingly, we affirm Souphanthog's convictions and sentences.

**AFFIRMED.**